At this time, we'll hear Milligan v. CCC. May it please the Court, Merrill Biscone from Rifkin-Radler. I represent Geico. I hate to interrupt you, but let's wait until the crowd goes out and the hubbub dies down, and we can listen to you. I don't know why they're not staying. I mean, this is a fascinating thing. Yeah, I mean, you seem to be losing your audience. I'm sorry. It's a hard act to follow, I know. We're still here. Okay. That's all that matters. It's our position that the District Court erred in denying Geico's motion to compel arbitration. Initially, the arbitration clause was not voluntary. The conclusion that it was voluntary was clearly erroneous. The Court focused on the word may in the arbitration clause. However, all this means is that once the decision to seek appraisal is implicated Appraisal of what? Appraisal of the amount of damages. Well, it's the appraisal of loss, isn't it? Yes. Because loss is a defined term in the contract, in the insurance contract. Yes. And loss is defined in the insurance contract as damage to or loss of a vehicle. None of that is relevant here, is it? What's relevant here is whether the measure of damage is what you say it is or what your friends across the aisle say it is. That's what's relevant. So what's an appraiser going to appraise? The amount of the loss. That's exactly why the appraisal provision is needed here. Isn't what divides the parties really a legal dispute? I mean, I'm not sure what the plaintiff's position is, frankly, and we'll hear about that from them. But you say that what they really want is that a court should declare that you have to pay what the sticker price was at the time that she leased the vehicle. Isn't that what you believe that they're asking for? No. I thought that your brief said that this is really what they're asking. Well, the appraiser does not have to interpret any kind of provision of the policy. Well, the appraiser can't interpret. And the appraiser can't interpret the New York statute either. Correct. So I'm not wondering what there is to appraise. If you folks are right about what the contract means, then you didn't do anything wrong in hiring CCC to come in and figure out what the market price might have been as of the date of the loss, right? But if they're right in what I think they're saying, that's not the right measure at all. Correct. And it's our position the appraiser will come in to indicate whether the 45,000 I'm sorry to interrupt. Yes. I thought that the inference drawn from the line of questioning is that if they are right, then reg 64 must be interpreted to mean that the loss is the sticker price of a new car, a comparable new car, minus a certain number of pennies per mile. And for that, why do you need What is an appraiser going to do with that? It's not the sticker price. It's the reasonable purchase price. Yes, but that's a legal issue. And if you're right about that, then I don't see what the need for an appraisal is, because the appraisal would, it seems to me, do just what you hired CCC to do and would go out and make estimates of what are the reasonable market prices by testing the waters. And then they'd say, here's our number. I'm trying to wrap my head around what a car appraiser is going to do here, what you expect them to do. I mean, ordinarily, a car appraiser looks at a car, opens up the hood, looks inside, sees the mileage, and says, okay, this car is worth X dollars. We're not doing that here. We don't even have the car anymore, right? Well, we don't need the car. We don't need the car because it's the loss of a comparable vehicle. But what's an appraiser going to look at? I mean, the definition of an appraisal is determine the value of a piece of property or something like that. What you're looking for is somebody who can do some math, isn't it? I mean, it's not an appraisal. I mean, I could do it, couldn't I? Well, it's appraiser of the value of the car, the reasonable purchase price in accordance with Reg 64. Yes, but they're saying that's not what it means. So really what you have, I'm not sure I understand what the magistrate judge meant by a coverage issue, but it seems to me what you have is a legal question that needs to be resolved because if you are correct as to what Regulation 64 means, then there's nothing wrong with what your client did. And I don't know why there'd be a need to do it again or to ask three independent people to replicate CCC's work. But if they're right about what the regulation means and the insurance contract means, then there is no need again for an appraisal because what you need to do is just check what the, I'm not sure what they're actually asking actually, but I'll find out when they get up. Do you see what I'm saying? I do, but it's our position that this doesn't concern the scope of coverage. There's no coverage dispute. As I said, I don't understand why he called it coverage, but it's a legal question about what the measure of damages properly is. But it's our position that Reg 64, the reasonable purchase price, doesn't equal the actual purchase price. Right, that's a legal question. That's your legal argument. The appraiser isn't going to answer that and say, oh yeah, we think they're right. And who cares what the appraiser says? Who cares what the appraiser says? It's for judges. But Regulation 64 permits the use of market value to adjust the total loss, and that's what CCC did here. So they used the correct valuation. But that is a legal question. It's our position that it's not. It's a value question as to the amount of the market value. Can I ask a different question? Proof of loss is not defined in the policy, right? Is not defined in the policy, correct. The insurance company had enough to pay $45,000 for this car, right? Yes. Why shouldn't we find that they must have had enough proof of loss to pay that money, and that proof of loss, especially because it's not defined in the policy, was already submitted here? Well, it's our position that the event triggering either party's right to an appraisal is a disagreement regarding the value. So here there was a disagreement as to the value, but GEICO didn't know when this disagreement came to be. The filing of a proof of loss would have given GEICO a timely indication of this discrepancy. Here the payment, the mere fact that they paid the $45,000, that part was not disputed, the amount in excess of the $45,000. Doesn't the policy say we're not going to pay until you submit proof of loss? Well, the proof of loss is in a condition to the filing of a complaint. I understand that, but isn't a condition of paying on the policy the submission of a proof of loss? It's our position that, well, the policy doesn't say that, and here there was not a proof of loss filed, and the mere fact. Well, that's because the insurance company has in its mind that there's this form called a proof of loss. But the policy doesn't say that. The policy doesn't say that. And so my question is, why shouldn't we find that, especially because the policy doesn't define proof of loss, that proof of loss means enough for the insurance company to pay the claim? Well, it remains our position it's the plaintiff's burden to show that a proof of loss, which means a sworn statement indicating what actually was lost, was submitted. And it's our position that that was not done here. We'll hear CCC. Thank you. Good morning, Your Honors. May I please the Court? Kathleen Lally for CCC Information Services. The district court failed to address CCC's separate motion to compel an appraisal and instead declared the motion moot in a single-sentence footnote that really contained no analysis. Can you explain what's separate about it? Because isn't the argument really, I don't want to use a negative sign word like parasitic, but isn't it dependent on the same argument that the insurer makes? Derivative. Derivative. Good word. To the extent that you're asking, is it also an appraisal request? Yes, it is also an appraisal request. And I think to sort of follow up on some of the questions that were just being asked of Geico, in this case I think the issue with the appraisal is in every circumstance where an appraisal needs to be done, the appraisal will need to follow certain regulations. I've done this a lot for CCC, and we have gotten appraisals in other circumstances. There are always regulations or guidance that an appraiser needs to look to. That is what they do. That is very common to them. In this case, they would look to Regulation 64. And so in this case you would have a situation where a panel of three appraisers would look to Regulation 64 and they would come to a consensus view of the value of the vehicle. The value of what vehicle? Of the lost vehicle, the value of a replacement value for the lost vehicle. And that is really at the heart of MSMA. It's not the replacement value exactly. The statute has a very particular definition of the reasonable purchase price as of the date of loss. And that is the value they would come to that would comply with Geico's contract, and that is what Ms. Milligan is claiming she was underpaid on, and that's her basis of liability. And what CCC did, as I understand it, was to go out and look into the market to see what was actually being charged at or around the time of the loss. I suppose you can't necessarily find a sale that took place at the exact moment that Ms. Milligan rolled over her vehicle, and then came to some conclusion about that. That is correct, yes. So can I ask a different question? Did CCC move to dismiss this entire case as to it? Yes, it separately did move to dismiss. And how was that resolved? The breach of contract case was dismissed. I'm sorry, the breach of contract claim. The negligence claim was dismissed. What exactly is there? The general business law violation claim remains, and the unjust enrichments claim remains. Because it would have seemed to me that what your obligation was, and I guess I'm just sort of opining at large because this isn't the issue before us, but it would have seemed to me that you got hired to do a particular thing, and you did that particular thing. And maybe it was the wrong thing, but I don't know how it could be up to CCC to second guess what the insurer asked for. The insurer said go out and figure out the market price. And you went out and did that. And maybe New York State law says that's not what the insurer should ask to be done, but I don't see how that's your problem. Well, certainly, Your Honor, that was a position . . . Is that the position basically that you took? That was a position we took on the motion to dismiss. I think should this case return, we would refile certain positions in the motion to dismiss. But in the interim, while the plaintiff is attempting to hold CCC jointly and severally liable and alleging systematic schemes and conspiracies, we believe equitable estoppel on the compelling of an appraisal would be appropriate here. And that is not an issue that the district court addressed, and they should. But whether it's equitable estoppel or not, you see, I mean, the equitable estoppel issue determines whether you get to have a derivative claim to an appraisal. But if there is no need for an appraisal here at all, then it is sort of moot, isn't it? Well, I don't believe that it is moot because I do believe that there is a need for an appraisal here. I think an appraisal would . . . I understand that, but the magistrate judge said there isn't a need for an appraisal, and that's the argument that Geico is pursuing. If the magistrate judge was right, then you don't have a right to an appraisal either that's independent of Geico's right to an appraisal. If the magistrate judge was wrong, then there's an issue that hasn't really been addressed by the magistrate judge as to whether you get to participate in that appraisal process or not. But the primary question that's before us is just the main question. Is the magistrate judge right that there should have been an appraisal? To the extent . . . well, the single sentence that was dismissed CCC's motion as moot did not provide any analysis as to particularly why it was moot. As I read it, it was because there was no longer a breach of contract claim. Now, that appears to be clearly incorrect. I would agree . . . Let me ask it this way. If we find that there's no need for an appraisal here, you lose, right? I was just going to say I do believe yes. If you find Geico has no right to an appraisal, I would concede that CCC would have no right as well. Okay. Great. Thank you. May it please the Court. Good morning, Your Honors. My name is Keith Altman from Escola Law. I represent the plaintiff in this matter. Can you start by explaining, because I don't really understand it, what you think is the correct measure of loss in this case? It's not what I think, Your Honor. It's what the law says. I'm asking you what you think the law says. Tell me what you think. The law says that for new vehicles or in the same model year within 90 days, the loss is measured by a reasonable purchase price, less your deductible . . . A reasonable purchase price as of the date of the loss. Correct, which presumably, if it's a new vehicle, is going to be another new vehicle. Right. Okay. And presumably, the sticker price . . . I don't agree with that, Your Honor. That's . . . now you're getting into negotiation. The skills of a person who walks in on the same exact day . . . What would you call a person who walks into a dealership and just pays the sticker price? Maybe not the same negotiator as somebody who's very sharp and negotiates it. My point is, is that you can't have the purchase price be dependent on how good a negotiator somebody is. Presumptively . . . It doesn't depend on how good a negotiator . . . Well, it does if it varies during the year, Your Honor. I go and I get a brand-new vehicle, and on the brand-new vehicle, there's a sticker. And presumptively, the sticker price on that brand-new vehicle is a reasonable purchase price. Why don't you say that the sticker price on the brand-new vehicle at the beginning of the model year in October does not as accurately represent the value of the car the following September, just before the new model is introduced? Maybe or maybe not, but how do you determine that, Your Honor? And that's still . . . Don't you determine it essentially the way CCC did? No. In other words, the question of what is a reasonable purchase price as of the date of the loss is what the market is offering on the date of the loss, which is different than the date of the purchase. How does anybody say that somebody could walk into a dealership on any given day with a brand-new vehicle with a sticker on it and say they could buy that for something different than the sticker price? It happens every day. But you simply can't do that in a way that you could possibly quantify it. No appraiser does that. How does an appraiser . . . CCC is in business. But there's a difference, Your Honor, because here, a reasonable purchase price is the sticker price for a new vehicle. That has to be your position because you're really suing on behalf of Ms. Milligan and on behalf of all others similarly situated, and therefore it can't be a matter for you of whether the proper appraisal price here is $45,000 or $46,000. That can't be of interest to anybody else. Your position has to be, and it is, that the only way to come up with the proper appraisal or the proper price under Reg 64 is the sticker price of the comparable car, comparably equipped, minus depreciation. But here's what's an interesting thing, Your Honor . . . Am I correct or am I wrong? You are correct. I'm not talking to myself. I'm talking to you. You are correct. But I'll show you something coming from the other side. Here's the other defect in what CCC did. Number one, they did not use new vehicles . . . Wait, wait, wait. But maybe you've already won your case as far as what we have to decide here today, which is, is there a need for an appraisal? You won that below because the district court found that there was no issue for an appraiser. The issue is essentially a legal issue. It seems to me it's not for us to decide today whether your theory is correct . . . This is an interlocutory appeal. . . . or their theory is correct. What is at issue for us is, is this an issue for appraisal? And the answer, it seems to me, is no. You say there's nothing to appraise. As a matter of law, the sticker price is the answer. They say no. The reasonable purchase price, as of the date of the loss, is the market price . . . however that is to be estimated in the real world . . . as of the day of the accident that made the car a total loss. That's a legal question that ought to be resolved by a court . . . depending on how it comes out and what the parties think and whether it settles or whatever else happens . . . by us. Is that not the end of this case? I agree, Your Honor, and just in case there is some question . . . as to whether they properly invoked the appraisal claim in the first place . . . which if they didn't, then it's even more of a mood issue. Well, you're saying that because they sent a check for $45,000 . . . No, Your Honor. . . . promptly, there must have been a proof of loss. But, if you're correct, if you're correct . . . then insurance companies are not going to send what they believe they owe promptly . . . to people who need to replace their cars. They're going to wait and litigate it. And, that doesn't make any sense at all. But, Your Honor, it's also something different. On July 1st, 2015, I, me, specifically, called the adjuster. And, the whole Regulation 64 thing became aware to me. Your Honor had asked, why is CCC in this at all? CCC, in their valuation report, explicitly put, our valuation here complies with New York State Reg 64. I never heard of Reg 64 before I read that. So, CCC . . . so, I go and I read Reg 64, and that's when I come to find out this particular . . . No, I know that's not an issue. Memoirs. But, I told them . . . You should be willing to take yes, and answer. Okay. I'll take yes. I do still wonder what it is that puts CCC in here. Because, it seems to me that the insurer decides what it thinks its legal obligations are and what it thinks its policy is. If they're wrong, and it turns out they're not complying with the law, they're on the hook. But, an appraiser, someone like CCC, has a contract with the insurer. The insurer says, here's our interpretation of the contract. Go out and do what we're asking you to do. They went out and did it. I had trouble understanding . . . And, again, I'm just putting this out there. We're not going to rule on that. That's not before us at all. But, I think there should be some rethinking about what is the claim against them. That they're somehow conspiring when all they're doing is a mechanical test that they're asked to do by an insurer, based on the insurer's interpretation. Perhaps, according to you, totally crazy wrong of what the contract means. They don't have a contract with you, or a deal with you, or anything else with you. Your Honor, I'd be happy to address that. I don't think it's relevant. I think I probably should sit down and be quiet. You'll think about that, and if you think you have a good theory, it'll be litigated somewhere. We may be back here one day on that particular issue. We look forward to it. Thank you, Your Honor. Just very quickly, it's our position we'd like to reiterate that it's not a legal issue. That this should go back for an appraiser to determine what the reasonable purchase price, as indicated in Reg 64, was on the date of loss. And that's not a legal issue. Thank you. Thank you. I just wanted to clarify, I think, one point. To the extent that the court does determine that this is not a legal issue, and we do believe that it's, I will just reiterate with Geico, I do think it's a factual issue. Appraisers do all the time have to apply certain regulations to the facts in order to come up with appraisals. In our estimation, appraisal would further move the ball forward, I think, for CCC in a number of ways. And one of them would be, for example, if it confirms our estimate, then the payment would no longer be based on our valuation. It would really further, in our estimation, show there's no case against CCC. That would be something that we would then move the district court on. But if it's not, if it confirms that Ms. Milligan should have been paid more, Geico would pay that pursuant to the contract. Again, it's something that CCC could move the district court on. So there are independent rights that I think CCC has that it would be entitled to pursue. So CCC would still believe that it's entitled to press for the appraisal. Thank you.  We'll reserve decision. Thank you, Your Honor.